IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James R. Dator, #129074, | ) | C/A No.: 3:15-1698-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on the motion of James R. Dator ("Petitioner") to appoint counsel. Petitioner has no constitutional right to counsel in federal habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel beyond first appeal of right); *U.S. v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995) (no constitutional right to counsel during federal habeas). The court may, in its discretion, however, appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2) (West Supp. 1993); *see also Riley*, 21 F. App'x at 142.

The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. *See Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *See Hoggard*, 29 F.3d at 471. In exercising its discretion, the court should consider the legal complexity of the case, the factual complexity of the case, and Petitioner's ability to investigate and present his claims, along with any other relevant

factors. *Id.*; *see also Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990). Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *See Hoggard*, 29 F.3d at 471.

The court does not anticipate the need for an evidentiary hearing, as the case will likely be resolved on the basis of the state court record. If the court elects to hold an evidentiary hearing, Petitioner may renew his motion or the court may appoint counsel sua sponte at that time. For the foregoing reasons, Petitioner's motion to appoint counsel [ECF No. 44] is denied.

IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

July 28, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

2