IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Dator, #129074 ) | |
| ) | C/A No. 1:15-1698-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Joseph McFadden, Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner James R. Dator is a prisoner in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Petitioner is serving a life sentence without the possibility of parole on a conviction for burglary first degree; and ten years incarceration for each of the two convictions for assault and battery of a high and aggravated nature (ABHAN), the ABHAN sentences to run concurrently to each other and consecutive to the burglary sentence. On April 20, 2015, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

In his § 2254 petition, Petitioner raises the following grounds for relief:

GROUND ONE: The photo lineup was unduly suggestive/conducive to irreparable identification thus the identification is unreliable.

GROUND TWO: Judge erred by allowing the introduction of irrelevant evidence based upon immoral bad acts.

GROUND THREE: The trial court erred by allowing the state to comment on the Petitioner's failure to provide other witnesses.

> GROUND FOUR: Judge erred by allowing impermissible hearsay testimony that violated Petitioner's right to confrontation.

See generally ECF No. 1.

On September 14, 2015, Respondent Joseph McFadden filed a return and memorandum in response to Petitioner's § 2254 petition, as well as a motion for summary judgment. On September 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. After being granted an extension, Petitioner filed a response in opposition to Respondent's motion on December 16, 2015. On November 20, 2015, Petitioner filed a motion to amend his § 2254 petition to add the following ground for relief:

> GROUND FIVE: Defense counsel was ineffective in allowing State Witness Theresa James to testify by telephone when it denied petitioner the right to confrontation.

ECF No. 25, 1.

On January 7, 2016, Petitioner filed a response in opposition to Respondent's motion for summary judgment in which he withdrew Grounds Two, Three, and Four. Respondent filed a response in opposition to Petitioner's motion to amend on April 27, 2016, in which Respondent asserted that Petitioner's Ground Five is barred by the one year limitations period set forth in 28 U.S.C. § 2244(d), and thus amendment would be futile. On June 10, 2016, Petitioner filed a reply to Respondent's memorandum in opposition to his motion to amend, as well as an amended response in opposition to Respondent's motion for summary judgment. Also on June 10, 2016, Petitioner filed a motion for evidentiary hearing.

The Magistrate Judge issued a Report and Recommendation on July 28, 2016. The Magistrate Judge determined that Petitioner's Ground One is procedurally barred because Petitioner

raised no objection to his identification during trial. Accordingly, Ground One was not preserved for appellate review; as a result, Ground One is not cognizable under federal habeas review. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977) (failure to raise objection as required by state procedure prevents federal review). The Magistrate Judge further determined that Ground Five is barred by the applicable statute of limitations. Accordingly, the Magistrate Judge recommended that Petitioner's motion to amend be denied as futile, Petitioner's motion for an evidentiary hearing be denied as unnecessary, and that Respondent's motion for summary judgment be granted. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (ECF No. 18) is **granted**. Petitioner's motions for hearing (ECF No. 44) and to amend (ECF No. 25) are **denied**. Petitioner's § 2254 petition (ECF No. 1) is **denied and dismissed**, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 1, 2016

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**