IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Dator, #129074, | ) |
| | ) C/A No. 1:15-1698-MBS |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Warden Joseph McFadden, Lieber | ) |
| Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner James R. Dator is a prisoner in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Lieber Correctional Institution (LCI) in Ridgeville, South Carolina. On April 20, 2015, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge issued a Report and Recommendation on July 28, 2016, in which she recommended, among other things, that summary judgment be granted in favor of Respondent. Petitioner filed no objections to the Report and Recommendation. By order filed September 1, 2016, the court adopted the Report and Recommendation, dismissed Petitioner's § 2254 petition with prejudice, and denied a certificate of appealability. Summary judgment was entered in favor of Respondent on September 2, 2016. The court's docket summary indicates that copies of the order and judgment were mailed to Petitioner on September 2, 2016.

On October 11, 2016, Petitioner filed a notice of appeal. On March 17, 2017, the Court of Appeals for the Fourth Circuit remanded the action for the limited purpose of allowing the court to

determine whether the notice of appeal was timely filed, whether it should be construed as including a motion for an extension of time to file the notice, and whether an extension or reopening of the appeal period is warranted in this case.

## DISCUSSION

Fed. R. App. P. 4(a)(1)(A)[1] provides that, in a civil case, a notice of appeal must be filed in the district court within 30 days after the entry of judgment. In this case, 30 days after entry of judgment would have been October 3, 2016. Giving Petitioner the benefit of Houston v. Lack, 487 U.S. 266 (1988), Petitioner's filing was effective upon receipt of his notice of appeal by LCI mailroom staff on October 6, 2016. See ECF No. 54-1. Therefore, Petitioner's notice of appeal was untimely filed.

Rule 4(a)(5) provides that the court may extend the time to file a notice of appeal if:

(1)   a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and

(2)   that party shows excusable neglect or good cause.

A review of the court's docket summary reveals that the Clerk of Court's office received a telephone call from Petitioner's brother on September 26, 2016, indicating that Petitioner had not received copies of the order and judgment that had been mailed to him on September 2, 2016. Duplicate copies were placed in the mail to Petitioner the same day. In his notice of appeal, Petitioner states that he did not receive copies of the order and judgment until September 29, 2016.

In the court's view, Petitioner's notice of appeal should be construed as including a motion

---

[1] Provisions of the Federal Rules of Appellate Procedure were revised effective December 1, 2016, subsequent to Petitioner's filing. The court relies on the Rules in effect in October 2016.

for extension of time. The notice of appeal was filed within thirty days after the appeal expiration date of October 3, 2016. In addition, the record supports a finding of good cause, and the court so finds. Accordingly, the court **grants** Petitioner's motion for extension of time, as construed, with a nunc pro tunc date of October 11, 2016.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 21, 2017